IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | **Chapter 11** |
| **NEWPAGE CORPORATION,** *et al.,* | **Case No. 11-12804 (KG)** |
| Debtors.[1] | **Jointly Administered** |
| | RE: Docket No. 358 |

**DESIGNATION OF RECORD AND STATEMENT OF
ISSUE ON APPEAL BY APPELLANT OFFICIAL COMMITTEE OF
UNSECURED CREDITORS PURSUANT TO BANKRUPTCY RULE 8006**

Appellant, the Official Committee of Unsecured Creditors (the "Committee") appointed in the jointly-administered chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits, pursuant to Bankruptcy Rule 8006, this designation of items to be included in the record on appeal regarding the Notice of Appeal [Docket No. 358], solely from that portion of the *Final Order (I) Authorizing Debtors (A) to Obtain Post-Petition Financing Pursuant to 11 U. S. C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U. S. C. § 363 and (II) Granting Adequate Protection to Pre-Petition Secured Parties Pursuant to 11 U. S. C. §§ 361, 362, 363 and 364* [Docket No. 310], dated October 5, 2011 (the "Order"), which prohibits the charging of expenses of the estates, under section 506(c) of the Bankruptcy Code[2], against the Noteholder Collateral, the Notes Collateral Trustees, the Notes Indenture Trustees or the Secured Noteholders.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order.

I. **DESIGNATION OF ITEMS FOR RECORD ON APPEAL**

| Docket No. | Description |
| --- | --- |
| Docket No. 3 | Declaration of George F. Martin in Support of the Debtors' First Day Motions and Applications |
| Docket No. 19 | Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364: (I) Authorizing Debtors to (A) Obtain Post-Petition Financing, and (B) Grant Senior Liens, Junior Liens and Superpriority Administrative Expense Priority; (II) Approving Use of Cash Collateral; (III) Granting Adequate Protection to Certain Prepetition Secured Parties; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief, dated September 7, 2011 |
| Docket No. 20 | Memorandum of Law in Support of Debtors' Motion, dated September 7, 2011, for Order Authorizing the Use of Cash Collateral Pursuant to Bankruptcy Code Section 363(c)(2) |
| Docket No. 21 | Declaration of Jay A. Epstein in Support of Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 361, 362, 363 and 264: (I) Authorizing Debtors to (A) Obtain Post-Petition Financing, and (B) Grant Senior Liens, Junior Liens and Superpriority Administrative Expense Priority; (II) Approving Use of Cash Collateral; (III) Granting Adequate Protection to Certain Prepetition Secured Parties; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief, dated September 7, 2011 |
| Docket No. 23 | Declaration of J. Blake O'Dowd in Support of Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 361, 362, 363 and 264: (I) Authorizing Debtors to (A) Obtain Post-Petition Financing, and (B) Grant Senior Liens, Junior Liens and Superpriority Administrative Expense Priority; (II) Approving Use of Cash Collateral; (III) Granting Adequate Protection to Certain Prepetition Secured Parties; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief, dated September 7, 2011 |
| Docket No. 80 | Interim Order (I) Authorizing Debtors (A) to Obtain Post-Petition Financing Pursuant to 11 U.S.C §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Pre-Petition Secured Parties Pursuant to U.S.C §§ 361, 362, 363 and 364 and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules |

| | |
|---|---|
| | 4001(b) and (c), dated September 8, 2011 |
| Docket No. 260 | Reservation of Rights of Official Committee of Unsecured Creditors with Respect to (A) Certain First Day Orders, and (B) Certain Motions Scheduled for Hearing on October 4, 2011 at 2:00 p.m., dated September 30, 2011 |
| Docket No. 265 | Limited Objection of Official Committee of Unsecured Creditors to Debtors' Motion Pursuant to Bankruptcy Code Sections 361, 362, 363 and 364 Seeking Final Order (I) Authorizing Debtors to (A) Obtain Post-Petition Financing, (B) Grant Senior Liens, Junior Liens and Superpriority Administrative Expense Priority; (II) Approving Use of Cash Collateral; and (III) Granting Adequate Protection to Certain Prepetition Secured Parties, dated October 3, 2011 |
| Docket No. 308 | Certification of Counsel Regarding Final Order (I) Authorizing Debtors (A) to Obtain Post-Petition Financing Pursuant to 11 U. S. C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U. S. C. § 363 and (II) Granting Adequate Protection to Pre-Petition Secured Parties Pursuant to 11 U. S. C. §§ 361, 362, 363 and 364, dated October 5, 2011 |
| Docket No. 310 | Final Order (I) Authorizing Debtors (A) to Obtain Post-Petition Financing Pursuant to 11 U. S. C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) to Utilize Cash Collateral Pursuant to 11 U. S. C. § 363 and (II) Granting Adequate Protection to Pre-Petition Secured Parties Pursuant to 11 U. S. C. §§ 361, 362, 363 and 364, dated October 5, 2011 |
| | September 8, 2011 Hearing Transcript |
| | October 4, 2011 Hearing Transcript |

        All documents, exhibits, attachments, and supplements to each item designated herein and in other designations filed in the appeal.

II.  **STATEMENT OF ISSUE ON APPEAL**

  1.  Based on the evidentiary record before it, did the Bankruptcy Court err as a matter of law when it overruled the Committee Objection and prohibited the assertion, during the pendency of the chapter 11 cases, of any claim, pursuant to section 506(c) of the Bankruptcy Code, to charge expenses of the estates against or recover such expenses from the Noteholder Collateral, the Notes Collateral Trustees, the Notes Indenture Trustees or the Secured Noteholders, on the basis that, as stated by the Court, such parties had "made ... concessions and ... negotiated in good faith"[3]?

[The remainder of this page is left intentionally blank]

---

[3] See the October 4, 2011 Hearing Transcript at p. 84:6-7 (Unofficial Hr'g Tr. Oct. 4, 2011).

      The Committee expressly reserves any and all rights to amend this Designation of Items for Record on Appeal and Statement of Issue on Appeal, each as set forth herein, including, without limitation, to identify and include additional issues and items for inclusion in the record.

Dated: October 20, 2011        YOUNG CONAWAY STARGATT & TAYLOR, LLP
Wilmington, Delaware

/s/ Andrew L. Magaziner
M. Blake Cleary (No. 3614)
Jaime Luton Chapman (No. 4936)
Andrew L. Magaziner (No. 5426)
The Brandywine Building,
1000 West Street, 17th Floor,
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571–6600
Facsimile: (302) 571–1253

-and-

PAUL HASTINGS LLP
Luc A. Despins
Robert E. Winter
Aaron M. Klein
Park Avenue Tower
75 East 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319–4090

*Proposed Co-Counsel to the Official Committee of Unsecured Creditor*